UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 04-81017 DHW
                                                    Chapter 7
SCOTT ALAN MANN and
DEANNA LEE MANN,

    Debtors.

## ORDER DENYING DEBTORS' MOTION
## TO REOPEN CHAPTER 7 CASE

On June 22, 2005 the debtors filed a motion to reopen their chapter 7 case in order to permit them to file a complaint against Larry Duvall for an alleged violation of the discharge injunction. The matter was set for hearing on August 8, 2005.

## BACKGROUND

A review of the debtors' history in this court will aid in the understanding of the court's ruling. On March 5, 2004 the debtors filed their first chapter 7 case in this court.[1] In that case June 7, 2004 was fixed as the bar date for creditors to file complaints to determine the dischargeability of their claims against the debtors. Larry Duvall filed a timely complaint seeking to have his claim against the debtors held nondischargeable.[2]

The Manns, however, failed to attend two court-ordered 11 U.S.C. § 341 meetings of creditors. As a result, on June 28, 2004, an order entered dismissing the debtors' bankruptcy case. The dismissal of the case occurred prior to the entry of an order of discharge; hence, the debtors did not receive a discharge in the case.

---

[1] The first chapter 7 case was assigned case number 04-80326-DHW.

[2] Duvall's complaint against the debtors was assigned adversary proceeding number 04-8006.

On July 16, 2004, the Manns filed an answer to Duvall's complaint generally denying the allegations made therein. The answer makes no reference to the fact that the underlying case had been recently dismissed prior to the granting of a discharge, thereby mooting the adversary proceeding.

On July 20, 2004 the Manns filed the instant chapter 7 case in this court only three and one-half months after the filing of the previous case. Larry Duvall was listed as an unsecured creditor and presumably received notice of the filing of this second case. Duvall's attorney, however, was not given notice of the filing of the second case.

On August 16, 2004 the court held a scheduling conference in the adversary proceeding at which an April 20, 2005 trial date was set. At the scheduling conference neither the Manns nor their counsel advised the court that the underlying case in which the adversary proceeding was brought had been dismissed. The court, and apparently Duvall's counsel, were unaware of this fact.

On November 16, 2004 an order of discharge entered in the Mann's second bankruptcy case. Duvall did not file a complaint in the second case to determine the dischargeability of his claim.

On April 20, 2005 trial was held in the adversary proceeding. The Manns did not attend the trial. Their counsel, while defending the action, did not reveal that the underlying chapter 7 case had been dismissed.

Following trial, the court was in the process of issuing its memorandum opinion when it was discovered that the underlying bankruptcy case had been dismissed without the debtors have received a discharge. Unaware that the Manns had filed a second case, the court entered an order dismissing the adversary proceeding as moot.

The Manns filed the instant motion to reopen this second case contending that Duvall's garnishment of Scott Mann's wages violates the discharge injunction resulting from the order of discharge.

DISCUSSION

Under these facts, to permit the Manns to recover damages from Duvall

for violation of the discharge injunction would produce an unconscionable and absurd result. Duvall filed a timely complaint in the debtors' first bankruptcy case. About two weeks after the dismissal of the first bankruptcy case, the Manns filed an answer in the adversary proceeding. Further, just four days after filing their answer to the complaint, they filed a second bankruptcy case. While notice of the filing was given to Duvall, none was given to his counsel, who had appeared of record in the adversary proceeding. Then, throughout the following pretrial scheduling conference and trial, the Manns failed to raise or disclose that the underlying case had been dismissed. Indeed, the Manns did not appear at the trial except through counsel. Imposing damages on Duvall for the omissions of the Manns would be tantamount to bankruptcy by ambush which the court will not condone.

Instead, the court will enter an order reopening the adversary proceeding, which was commenced by Duvall in the Manns' earlier case, and enter judgment therein in favor of Duvall holding his claim against Scott Alan Mann nondischargeable.[3]  For these reasons it is

ORDERED that the debtors' motion to reopen their chapter 7 case is DENIED. It is further

ORDERED that Adv. Proc. No. 04-8006 is hereby REOPENED for the purpose of the entry of a memorandum opinion and judgment.

Done this the 10th day of August, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
   Charles M. Ingrum, Sr., Attorney for Debtors
   Douglas A. Dellaccio, Attorney for Duvall

---

[3] Duvall's claim against Deanna L. Mann, however, will be held dischargeable.